# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SHANETTA WELCH ROBINSON | ) |
| | ) Civil Action Number: |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Jury Trial Demanded |
| ACCORD SERVICES, LLC, a Georgia corporation and DARLENE DILLON, an individual, | ) ) ) ) |
| Defendants. | ) |

## FAIR LABOR STANDARDS
## MINIMUM WAGE AND OVERTIME COMPLAINT

COMES NOW Plaintiff Shanetta Welch Robinson (hereinafter "Plaintiff") by and through her undersigned counsel, and files this lawsuit against Defendants Accord Services, LLC (hereinafter "Defendant Accord Services") and Darlene Dillon (hereinafter "Defendant Dillon") (collectively "Defendants") pursuant to § 216(b) of the Fair Labor Standards Act of 1938, and in support thereof would further state as follows:

INTRODUCTION

1. The instant action arises from Defendants' violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended (hereinafter

"FLSA"), to remedy violations of the minimum wage and overtime provisions of the FLSA by Defendants which have deprived Plaintiff of her lawful overtime wages.

2. Defendants employed Plaintiff as a staffing coordinator.

3. During the employment of Plaintiff, Defendants committed violations of the FLSA by failing to compensate Plaintiff at the legally appropriate minimum wage and the overtime rate for hours worked in excess of forty hours in a given workweek.

4. Plaintiff seeks minimum wage and overtime compensation for work performed, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 216(b) (FLSA).

6. Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (b) and (c) because a substantial part of events or omissions giving rise to the claims occurred within the jurisdiction of this Court and because Defendants are subject to personal jurisdiction in this District.

## PARTIES

7. Plaintiff resides in Douglasville, Paulding County, Georgia (within this District).

8. At all times material to this action, Plaintiff was an "employee" of Defendants defined by § 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States.

9. Plaintiff is further covered by §§ 203, 206, and 207 of the FLSA for the period in which she was employed by Defendants.

10. Defendants conduct business within this State and District.

11. Upon information and belief, Defendant Dillon is the staffing manager and is head of Defendant Accord's staffing function.

12. Defendant Accord is an LLC Corporation formed under the laws of the State of Georgia.

13. Defendant Accord Services is located within this District and is listed on the Georgia Secretary of State Web Site as having a Principal Office Address of P.O. Box 3057, MARIETTA, GA, 30060, USA.

14. Defendant Accord Services is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent,

CT CORPORATION at 1201 PEACHTREE ST., NE, Fulton, ATLANTA, GA, 30361.

15. Defendant Dillon is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served at 855 Church Street, Marietta, Georgia 30060.

16. Defendants maintained either actual or constructive control, oversight and direction of Defendants' business, including the employment and pay and other practices of those operations of Defendants.

17 At all times material to this action, Defendant Accord Services was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

18. At all times material to this action, Defendants were "employers" of Plaintiff as defined by § 203(d) of the FLSA.

19. The minimum wage provisions set forth in § 206 of the FLSA apply to Defendants

20. The overtime provisions set forth in § 207 of the FLSA apply to Defendants.

## FACTUAL ALLEGATIONS

21. Defendant Accord Services provides private duty nursing services for clients who have suffered catastrophic or complex injuries or illnesses.

22. Defendants employed Plaintiff Robinson as a staffing/senior staffing coordinator from on or about September 9, 2015 through approximately October 28, 2016.

23. As a staffing coordinator, Plaintiff was required to maintain accuracy of the caregivers' schedules to ensure appropriate coverage of clients, fill open shifts, update caregiver and client schedules, e-mail and mail out caregiver and client schedules, screen potential caregivers for availability, and verify all caregivers' payroll hours to ensure accuracy of time.

24. Defendants required Plaintiff to work at the office Monday through Friday from at least 8:00 a.m. until 5:00 p.m.

25. Plaintiff was required to clock-in and out from work and from a daily meal break if taken.

26. Defendants also required Plaintiff to handle "on-call" shifts and back up call shifts which covered after- hours during the week and all day and night during the weekends, responding to calls regarding caregiver issues and all other calls made to the company after hours

27. Defendants compensated Plaintiff an annual salary for these office hours up to forty hours in a workweek.

28. To determine the number of hours worked each workweek for compensation purposes, Defendants did not include time worked at the office beyond 5:00 p.m.

29. Additionally, to determine the number of hours worked each workweek for FLSA compensation purposes, Defendants did not include the number of hours that Plaintiff worked on-call or back-up on call shifts.

30. Defendants required Plaintiff to regularly work in excess of forty hours per week exclusive of her time on call or backup on call.

31. Defendants were aware that Plaintiff was required to work beyond her scheduled time at the office.

32. At all times relevant to this action, Defendants did not compensate Plaintiff for hours worked in excess of forty hours per week at a rate not less than one and one-half times the regular rate at which she was employed.

33. At all times relevant to this action, Defendants did not compensate Plaintiff for hours worked in excess of forty hours per week at a rate legally required under the FLSA.

34. At all times relevant to this action, Defendants did not compensate Plaintiff at the FLSA minimum wage for hours worked.

35. Defendants failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. §§ 207 or 213 with respect to Plaintiff.

36. Defendants failed to meet the requirements for paying Plaintiff at a rate not less than one and one-half times the regular rate at which she was employed, at which Plaintiff was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

37. Defendants failed to meet the requirements for paying Plaintiff at a rate not less than that legally required under the FLSA..

38. Defendants failed to meet the requirements for paying Plaintiff at a rate not less than the FLSA minimum wage rate at which she was legally required to be paid, under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 206.

39. Plaintiff is entitled to compensation for any and all time worked of at least the minimum FLSA wage rate at which she was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 206.

40. Plaintiff is entitled to compensation for any and all time worked the rate of at least one and one-half times her rate at which she was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

41. Defendants failed to make, keep and preserve the records required by 29 U.S.C. Sec. 211(c)

42. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

43. As a result of Defendants' failure to act with good faith in compensating Plaintiff, she is entitled to liquidated damages.

44. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

45. Plaintiff demands a jury trial.

## COUNT I

46. Plaintiff repeats and incorporates by reference all preceding Paragraphs herein.

47. By its actions alleged herein, Defendants willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations as detailed

herein, by failing to properly pay minimum wage and overtime wage compensation to Plaintiff in accordance with §§ 203, 206 and 207 of the FLSA.

47. Defendants have not made a good faith effort to comply with the FLSA with respect to their minimum wage and overtime compensation of Plaintiff.

48. As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages by failing to receive minimum wage and overtime compensation in accordance with §§ 203, 206 and 207 of the FLSA.

49. As a result of the unlawful acts of Defendants, Plaintiff has been deprived of minimum wage and overtime compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, costs, attorneys' fees, and other relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, pursuant to § 216(b) of the FLSA, pray for the following relief:

A. That Plaintiff be awarded damages in the amount of her unpaid compensation, plus an equal amount of liquidated damages;

B. That Plaintiff be awarded reasonable attorneys' fees;

C. That Plaintiff be awarded the costs and expenses of this action; and

D. That Plaintiff be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which she may be entitled.

Respectfully submitted this 7th day of April, 2017.

MARTIN & MARTIN, LLP

By: */s/ Thomas F. Martin*
Thomas F. Martin
tfmartinlaw@msn.com
Georgia Bar No. 482595
Kimberly N. Martin
kimberlymartinlaw@gmail.com
Georgia Bar No. 473410
MARTIN & MARTIN, LLP
Post Office Box 1070
Tucker, Georgia 30085
(770) 344-7267